## WILLIAM CASSON

### v.

## W. B. RASBACK ET AL.

*Principal and Surety—Release of Surety—Estoppel—Instructions—Note.*

Misrepresentations by the payee of a note to one of several sureties, though they may release him, do not affect the liability of the other sureties.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Marion County; the Hon. BENJ. R. BURROUGHS, Judge, presiding.

On July 1, 1885, Cal. Martin, John Besant, Jr., W. B. Rasback and W. A. Ingram made their promissory note to William Casson, due twelve months from date, for $100, with interest at eight per cent per annum; Martin was the principal and the others sureties on the note. Summons was served on the three defendants, the sureties, the principal not found. On trial the note was offered in evidence and thereupon the defendant John Besant, Jr., testified as follows: "Am one of the defendants in this suit. I have seen this note. This is my signature. I am on as security. Cal Martin is the principal. About the time it became due, plaintiff came to me and to see Cal. Asked if I wanted that note settled. I wanted to have the note paid; Cal. was getting in debt; so I went to Casson. This was about a month after the first conversation. I told Casson to make his money as I wanted to be released, as he was shaky. Casson called a few days after, it may have been fifteen. He says, 'You are all right, the note is settled,' and I thought it was. I never knew no more about the note until I received a notice to come before the squire to pay the note. Casson came and told me the note was settled. I can't say anything about extension. My first conversation with Mr. Casson may have been a few days after the note was due. In about a month I went to Mr. Casson; my brother and one or two were there. He says, it is all right, the note is settled." The plaintiff states that the only conversation he had with Rasback was as follows: "I had a short conversation with Mr. Rasback about a year ago in Centralia, Illinois, about as follows: I met him on the street of that city—he was in a buggy—and asked him where Cal Martin was. He said, 'What for, Billy?' I answered, 'It is pretty near time that money was paid.' He answered, 'Isn't that paid yet?' I said, 'No.' Then he answered, 'I will hunt him up.' This is all and the only conversation I had with them or either of them concerning the note in controversy."

The court instructed for defendant as follows: "The court instructs the jury that if you believe from the evidence that the plaintiff stated to the defendant Besant that the note in controversy was settled, and thereby caused defendant to be-

lieve that said note was paid, and thereby prevented him from giving said plaintiff notice in writing to proceed to collect said note, and if you further believe from the evidence that defendant was trying to get plaintiff to proceed against the principal at the time when said principal might have been compelled to pay the same, and that the defendant, on account of said statement of plaintiff, desisted from said efforts, you should find for defendants.

Verdict for defendants and judgment. The plaintiff brings the record to this court by appeal.

Messrs. G. PIERCE DUNCAN and CASEY & DWIGHT, for appellant.

Messrs. W. & E. STOKER, for appellees.

PHILLIPS, J. The only evidence before the jury fails to show an extension of time by the payee to the principal and if the testimony of Besant be accepted as true without reference to the testimony of the plaintiff and it be admitted that the plaintiff induced him not to give a notice in writing to proceed to collect the note and thereby estopped the plaintiff as to Besant, we fail to see how that fact could be of advantage to the other defendants. The instruction by the court on this evidence—" If defendant was trying to get the plaintiff to proceed against the principal at a time when said principal might have been compelled to pay the same, and the defendant on account of said statement of plaintiff desisted from said efforts you should find for defendant," was erroneous. There was no evidence to show that Besant was acting for his co-defendants in any way or that they desired the note collected. Even if it be admitted that an estoppel existed as to Besant, there is no evidence on which to base an estoppel as to the other defendants. We deem it unnecessary to decide the question as to whether an estoppel existed in this case as it must be submitted to another jury. For the error in instructions to the jury the judgment must be reversed and the cause remanded.

*Reversed and remanded.*